Citation Nr: 1829315 
Decision Date: 05/25/18 Archive Date: 06/12/18

DOCKET NO. 13-34 563 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUES

1. Entitlement to an increased rating for a right knee disability, to include arthritis and status post arthroplasty in excess of 10 percent, prior to January 29, 2016, and in excess of 30 percent from February 1, 2017, following a period of temporary 100 percent disability. 

2. Entitlement to an increased rating for a left knee disability, to include arthritis and status post knee replacement in excess of 10 percent prior to August 2, 2017, and in excess of 30 percent from October 1, 2018, following a period of temporary 100 percent disability. 

3. Entitlement to a rating of total disability based on individual unemployability (TDIU). 


REPRESENTATION

Veteran represented by: Charles W. Boohar, Jr., Attorney at Law


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. Giaquinto, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Army from June 1965 to December 1969. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a May 2012 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Pittsburgh, Pennsylvania.

In October 2014, the Veteran testified at a VA Central Office hearing before the undersigned Veterans Law Judge (VLJ). A transcript of that hearing is of record. 

These issues were previously before the Board in October 2015. At that time, the Board remanded the claim to afford the Veteran a new VA examination. 

Subsequent to the Board's remand, the Veteran underwent separate surgeries on his left and right knees and the RO reevaluated the knee conditions accordingly. By a May 2016 rating decision, the RO granted a temporary rating of 100 percent for the right knee, followed by a rating of 30 percent beginning February 1, 2017. By a November 2017 rating decision, the RO granted a temporary rating of 100 percent for the left knee that will be followed by a rating of 30 percent beginning October 1, 2018. In each case, the Veteran has appealed both the evaluations prior to the temporary 100 percent ratings and the evaluations after the temporary 100 percent ratings. 

Further, although the Veteran filed a claim for entitlement to TDIU that was denied by the RO in a March 2017 rating decision, in a November 2017 supplemental statement of the case, the RO determined that the issue of TDIU had been raised by the record in conjunction with the claims currently on appeal. The Veteran has asserted unemployability in connection with the increase in severity of his left and right knee disabilities. Therefore, the issue of entitlement to TDIU has been raised and the Board has jurisdiction over this issue as part and parcel of the increased rating claims. Rice v. Shinseki, 22 Vet. App. 447 (2009). 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In the January 2017, examination, the examiner stated that she was unable to determine the functional loss due to pain, weakness, fatigability, or incoordination on repeated use or due to flare-ups without resorting to mere speculation. The examiner provided no further explanation other than that the evidence was only per the Veteran's reports. This does not follow the requirements established by DeLuca and Sharp and, therefore, does not provide a sufficient basis for the Board to decide the claim. The Board must remand for a new examination that addresses any additional functional loss the Veteran experiences due to these factors.

As the issue of TDIU is inextricably intertwined with the increased rating claim on appeal, it must also be remanded. See Harris v. Derwinski, 1 Vet. App. 180 (1991). 

Accordingly, the case is REMANDED for the following action:

1. Arrange to have the Veteran scheduled for a new VA knee and leg examination. 

2. Readjudicate the appeal.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




_________________________________________________
R. FEINBERG
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).